UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WYCKOFF FARMS, INCORPORATED, a Washington corporation,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>INDUSTRIAL CONTROL CONCEPTS, INC., d/b/a ICC, INC., a Missouri corporation, ICC NORTHWEST, INC., an Oregon corporation, and ICC TURNKEY, INC., a Missouri corporation,<br><br>　　　　　　　　　Defendants. | NO: 4:20-CV-5095-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment (ECF No. 28). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Partial Summary Judgment (ECF No. 28) is **GRANTED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

## DISCUSSION

This case concerns construction contracts related to an extraction facility. ECF No. 16. On November 17, 2020, Plaintiff filed its amended complaint. *Id.* The amended complaint raises the following causes of action: (1) breach of contract, (2) anticipatory repudiation, (3) unjust enrichment, (4) failure to defend and indemnify, and (5) unfair and deceptive business practices. *Id.* at 9-11.

On August 5, 2021, Plaintiff filed the present motion, moving for partial summary judgment on the duty to defend claim. ECF No. 28. Plaintiff moves for an award of $21,285.47, which includes $10,992.50 in fees, $9,444 in costs (including the cost of the bond to release the claim of lien), and $848.97 in prejudgment interest on defense costs. *See id.* The parties timely filed their respective response and reply. ECF Nos. 31, 35.

In their response, Defendants do not substantively oppose the partial summary judgment and did not file any statement of disputed material facts. *See* LCivR 56(c)(B), (e). Instead, Defendants stipulated "that the parties' agreement contains a Duty to Defend provision which encompasses the lien dispute between Plaintiff and NIPR which serves as the basis of NIPR's litigation against Plaintiff and Defendants." ECF No. 31 at 1-2. Defendants only oppose Plaintiff's motion to the extent that Plaintiff retained the same counsel for the underlying and present actions, citing an unspecified conflict of interest. ECF No. 31 at 2. Defendants

also object to Plaintiff's fees and rates generally without citing to any specific objections. *Id.*

The reasonableness of a trial court's award of attorney's fees is reviewed for abuse of discretion. *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1984); *Red v. Kraft Foods Inc.*, 680 F. App'x 597, 599 (9th Cir. 2017). Courts assess attorney's fees by calculating the lodestar figure, which is the number of hours reasonably expended multiplied by the reasonable hourly rate of compensation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Johnson v. MGM Holdings, Inc.*, 943 F.3d 1239, 1242 (9th Cir. 2019). This lodestar calculation is presumptively reasonable. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

When determining hourly rates, courts look to the "prevailing market rates in the relevant community." *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Courts typically use the rates of comparable attorneys in the forum district, here the Eastern District of Washington. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *Montes v. City of Yakima*, No. 12-CV-3108-TOR, 2015 WL 11120966, at *3 (E.D. Wash. June 19, 2015). When determining the reasonableness of the hours expended, the Court should exclude from its calculation "hours that were not reasonably

expended" such as hours that are "excessive, redundant, or otherwise unnecessary." *Gates*, 987 F.2d at 1397 (quoting *Hensley*, 461 U.S. at 433-34).

Moreover, an award of prejudgment interest is authorized when the amount due on the judgment is liquidated or is otherwise "determinable by computation with reference to a fixed standard." *Prier v. Refrigeration Eng'g Co.*, 74 Wash. 2d 25, 32 (1968). A claim is considered liquidated when the fact finder does not need to exercise any discretion in determining the measure of damages. *Egerer v. CSR W., LLC*, 116 Wash. App. 645, 653 (2003). The rate of interest can be determined by statute or contract with limits by statute. *See* RCW 4.56.110; RCW 19.52.010.

Here, based on Defendants' stipulation, there are no issues of material fact as to Plaintiff's failure to defend and indemnify claim. Fed. R. Civ. P. 56(a), (c). Defendants' objection based on the retention of the same counsel for both actions is without merit; Defendants offer no evidence or support that there is a conflict of interest and the Court finds none. ECF No. 31. In any event, the objection is not relevant to the substantive merits of the claim, to which Defendants stipulated. *Id.* Therefore, summary judgment on this claim is appropriate.

The Court finds the claimed fees, costs, and prejudgment interest reasonable. Plaintiff has incurred $10,992.50 in fees and $9,444 in costs defending NIPR's claim of lien and related state court litigation. ECF No. 28 at 14. Plaintiff also seeks prejudgment interest in the amount of $848.97 on the liquidated sums at 12%

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

per annum as of the date Defendants should have paid Plaintiff. ECF No. 28 at 15. The hourly rates are comparable to other attorneys and paralegals with similar levels of experience. *See* ECF No. 29 at 2, ¶ 6, at 6-8. In reviewing the tasks, the hours are reasonably expended and are not excessive, redundant, or otherwise unnecessary. *Gates*, 987 F.2d at 1397. Additionally, the sums are liquidated to warrant the application of 12% interest as of the date Defendants should have paid Plaintiff. *See* ECF No. 28 at 14-15; RCW 19.52.010. The Court accepts the 12% rate where Defendant provides no objection.

Rule 54(b) allows courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments [. . .], a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (citation omitted). The district court evaluates "such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id*. at 10. "[O]nce such juridical concerns have been met, the discretionary judgment of the district court should be given substantial deference, for that court

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

is 'the one most likely to be familiar with the case and with any justifiable reasons for delay.'" *Id*. (citation omitted).

Rule 54(b) has a proper place.  The Rule was adopted "specifically to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case. . . . The Rule thus aimed to augment, not diminish, appeal opportunity." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (internal brackets omitted, citing *Gelboim v. Bank of Am. Corp.*, 135 S.Ct. 897, 902–03(2015)).  The Ninth Circuit first asks "whether the certified order is sufficiently divisible from the other claims such that the "case would [not] inevitably come back to this court on the same set of facts." *Id*. (citation omitted).  The equitable analysis ordinarily "is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id*. (citation omitted).  Finally, the appeal must meet the "no just reason for delay" prong of Rule 54(b). *Id*. at 630.  An appeal should not be certified if interlocutory review is more likely to cause additional delay than it is to ameliorate delay problems.

Here, there is no dispute that Defendants had a duty to defend Plaintiff in the Benton County litigation.  This Order resolves the amount owed for Defendants' failure to comply with its duty to defend.  There is no reason to delay payment of

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

the amount owed any longer so the Court will enter a partial judgment which will allow collection of the amount owed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (ECF No. 28) is **GRANTED**.

2. Plaintiff Wyckoff Farms, Incorporated is awarded $10,992.50 in attorney fees, $9,444.00 in costs, and $848.97 in prejudgment interest for a **total amount of $21,285.47** payable by Defendants ICC, Inc., ICC Northwest, Inc, and ICC Turnkey, Inc.  Upon entry of judgment, interest will accrue on the unpaid balance at the statutory rate for federal judgments according to 28 U.S.C. § 1961.

3. Pursuant to F.R.Civ.P. Rule 54(b), the Clerk of Court shall enter a partial judgment in favor of Wycokoff Farms, Incorporated and against Defendants ICC, Inc., ICC Northwest, Inc, and ICC Turnkey, Inc.

The District Court Clerk is directed to enter this Order and Judgment accordingly and provide copies to counsel.  The file remains open.

DATED September 21, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 7