UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WYCKOFF FARMS, INCORPORATED, a Washington corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>INDUSTRIAL CONTROL CONCEPTS, INC., d/b/a ICC, INC., a Missouri corporation, ICC NORTHWEST, INC., an Oregon corporation, and ICC TURNKEY, INC., a Missouri corporation,<br><br>　　　　　　　　　　Defendants. | NO: 4:20-CV-5095-TOR<br><br>ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Second Motion for Partial Summary Judgment (ECF No. 45). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Partial Summary Judgment (ECF No. 45) is granted.

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

## BACKGROUND

This case concerns construction contracts related to an extraction facility. ECF No. 16.  On September 21, 2021, the Court found by Defendants' stipulation that they had a duty to defend Plaintiff in an underlying state court action.  *See* ECF No. 37.  The Court also found Plaintiff incurred reasonable fees, costs, and prejudgment interest in the amount of $21,285.47 for defending the third-party's claim of lien and related state court litigation.  *Id.* at 4.

Plaintiff's present motion seeks legal fees in the amount of $38,425 and costs in the amount of $1,002.35 incurred since July 2021, largely related to discovery and an opposition to a motion for summary judgment in the underlying litigation.  *See* ECF No. 45.  Defendants do not dispute they are responsible for reasonable attorneys' fees and costs, but object to Plaintiff's invoices as excessive, redundant, or unnecessary.  ECF No. 62 at 2-5.

## DICSUSSION[1]

The reasonableness of a trial court's award of attorney's fees is reviewed for abuse of discretion.  *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1984); *Red v. Kraft Foods Inc.*, 680 F. App'x 597, 599 (9th Cir. 2017).  Courts

---

[1] The summary judgment standard is set forth in the Court's prior order.  ECF No. 37.

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

1  assess attorney's fees by calculating the lodestar figure, which is the number of
2  hours reasonably expended multiplied by the reasonable hourly rate of
3  compensation.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Johnson v. MGM*
4  *Holdings, Inc.*, 943 F.3d 1239, 1242 (9th Cir. 2019).  This lodestar calculation is
5  presumptively reasonable.  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978
6  (9th Cir. 2008).

7  When determining hourly rates, courts look to the "prevailing market rates
8  in the relevant community."  *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir.
9  2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).  Courts typically use
10 the rates of comparable attorneys in the forum district, here the Eastern District of
11 Washington.  *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *Montes v.*
12 *City of Yakima*, No. 12-CV-3108-TOR, 2015 WL 11120966, at *3 (E.D. Wash.
13 June 19, 2015).  When determining the reasonableness of the hours expended, the
14 Court should exclude from its calculation "hours that were not reasonably
15 expended" such as hours that are "excessive, redundant, or otherwise
16 unnecessary."  *Gates*, 987 F.2d at 1397 (quoting *Hensley*, 461 U.S. at 433-34).

17 In its prior order, the Court found Plaintiff's attorney rates comparable to
18 other attorneys with similar levels of experience.  ECF No. 37 at 5.  As to the hours
19 expended, the Court finds the hours are reasonably expended and are not
20 excessive, redundant, or otherwise unnecessary.  *Gates*, 987 F.2d at 1397.  The

ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR PARTIAL
SUMMARY JUDGMENT ~ 3

1    summary judgment hearing at issue presented relatively complex issues and a large

2    amount of money is at stake.  *See* ECF No. 70 at 6-7; ECF No. 71.

3        Defendants' complaints regarding how Plaintiff's counsel has handled

4    discovery and the opposition to summary judgment are not well taken where

5    Defendants stipulated to their failure to defend the very claim Plaintiff is now

6    defending.  The number of hours Plaintiff's seek reimbursement for were

7    reasonably expended considering the issues and amount of money in dispute.

8    Therefore, summary judgment on the present fees incurred since July 2021 is

9    appropriate.

10    **ACCORDINGLY, IT IS HEREBY ORDERED:**

11        1. Plaintiff's Second Motion for Partial Summary Judgment (ECF No. 45)

12           is **GRANTED**.

13        2. Plaintiff Wyckoff Farms, Incorporated is awarded $38,425 in attorney

14           fees and $1,002.35 in costs for a **total amount of $39,427.35** payable by

15           Defendants ICC, Inc., ICC Northwest, Inc, and ICC Turnkey, Inc.  Upon

16           entry of judgment, interest will accrue on the unpaid balance at the

17           statutory rate for federal judgments according to 28 U.S.C. § 1961.

18        3. Pursuant to Fed. R. Civ. P. Rule 54(b), the Clerk of Court shall enter a

19           partial judgment in favor of Wyckoff Farms, Incorporated and against

20           Defendants ICC, Inc., ICC Northwest, Inc, and ICC Turnkey, Inc.

1   The District Court Clerk is directed to enter this Order and Judgment

2   accordingly and provide copies to counsel.  The file remains open.

3   DATED December 9, 2021.



THOMAS O. RICE
United States District Judge