UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WYCKOFF FARMS, INCORPORATED, a Washington corporation,<br><br>         Plaintiff,<br><br>      v.<br><br>INDUSTRIAL CONTROL CONCEPTS, INC., d/b/a ICC, INC., a Missouri corporation, ICC NORTHWEST, INC., an Oregon corporation, and ICC TURNKEY, INC., a Missouri corporation,<br><br>         Defendants. | NO: 4:20-CV-5095-TOR<br><br>ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Third Motion for Partial Summary Judgment (ECF No. 109). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's Third Motion for Partial Summary Judgment (ECF No. 109) is granted.

ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

# BACKGROUND

This case concerns construction contracts related to an extraction facility. ECF No. 82. On September 21, 2021, the Court found by Defendants' stipulation that they had a duty to defend Plaintiff in an underlying state court action. *See* ECF No. 37. The Court also found Plaintiff incurred reasonable fees, costs, and prejudgment interest for defending the third-party's claim of lien and related state court litigation. *Id.* at 4.

On December 9, 2021, the Court granted Plaintiff's second motion for partial summary judgment, awarding reasonable attorneys fees and costs associated with discovery and motion practice in the underlying action. ECF No. 73.

On April 21, 2022, Plaintiff filed the present motion, seeking fees and costs incurred since the previous motion was filed in October 2021.[1] ECF No. 109. Defendants' response was due on May 12, 2022. LCivR 7(c)(2)(B)(ii). Defendants did not file a response.

# DICSUSSION

As an initial matter, the "Court may consider a fact undisputed and admitted unless controverted by the procedures set forth in LCivR56(c)." LCivR 56(e).

---

[1] Plaintiff's motion erroneously states it is seeking fees and costs incurred since September 2021. This appears to be a repeated typographical error.

ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

1   Because Defendant did not file any opposition to Plaintiff's motion, the Court
2   accepts facts as undisputed. The Court incorporates its prior rulings entitling
3   Plaintiff to fees and costs associated with defending the underlying action. ECF
4   Nos. 37, 73.

5       The reasonableness of a trial court's award of attorney's fees is reviewed for
6   abuse of discretion. *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir.
7   1984); *Red v. Kraft Foods Inc.*, 680 F. App'x 597, 599 (9th Cir. 2017). Courts
8   assess attorney's fees by calculating the lodestar figure, which is the number of
9   hours reasonably expended multiplied by the reasonable hourly rate of
10  compensation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Johnson v. MGM
11  Holdings, Inc.*, 943 F.3d 1239, 1242 (9th Cir. 2019). This lodestar calculation is
12  presumptively reasonable. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978
13  (9th Cir. 2008).

14      When determining hourly rates, courts look to the "prevailing market rates
15  in the relevant community." *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir.
16  2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Courts typically use
17  the rates of comparable attorneys in the forum district, here the Eastern District of
18  Washington. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *Montes v.
19  City of Yakima*, No. 12-CV-3108-TOR, 2015 WL 11120966, at *3 (E.D. Wash.
20  June 19, 2015). When determining the reasonableness of the hours expended, the

ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR PARTIAL
SUMMARY JUDGMENT ~ 3

1   Court should exclude from its calculation "hours that were not reasonably

2   expended" such as hours that are "excessive, redundant, or otherwise

3   unnecessary." *Gates*, 987 F.2d at 1397 (quoting *Hensley*, 461 U.S. at 433-34).

4         In its prior order, the Court found Plaintiff's attorney rates comparable to

5   other attorneys with similar levels of experience. ECF No. 37 at 5. The Court also

6   finds the rates of outside counsel similarly comparable. ECF No. 110-1 at 8-37.

7   As to the hours expended, the Court finds the hours are reasonably expended and

8   are not excessive, redundant, or otherwise unnecessary. *Gates*, 987 F.2d at 1397.

9   The fees and costs incurred involve an appeal in the underlying state action and

10  partial judgment collection efforts requiring retention of outside counsel in

11  Washington, Oregon, and Missouri. *See* ECF No. 110.[2] Therefore, summary

12  judgment on the fees incurred since October 2021 is appropriate.

13  //

14  //

---

[2] Defendant agreed "to defend, indemnify, and hold harmless [Wyckoff] from and against all claims, actions, proceedings, liabilities, losses, damages, costs and expenses, arising out of third party actions, including reasonable attorney's fees and defense costs, which [Wyckoff] may sustain resulting from the acts or omissions of [ICC]." ECF No. 30 at 17.

ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Third Motion for Partial Summary Judgment (ECF No. 109) is **GRANTED**.

2. Plaintiff Wyckoff Farms, Incorporated is awarded a **total amount of $49,618.62** payable by Defendants ICC, Inc., ICC Northwest, Inc, and ICC Turnkey, Inc. Upon entry of judgment, interest will accrue on the unpaid balance at the statutory rate for federal judgments according to 28 U.S.C. § 1961.

3. Pursuant to Fed. R. Civ. P. Rule 54(b), the Clerk of Court shall enter a partial judgment in favor of Wyckoff Farms, Incorporated and against Defendants ICC, Inc., ICC Northwest, Inc, and ICC Turnkey, Inc.

The District Court Clerk is directed to enter this Order and Judgment accordingly, and provide copies to counsel. The file remains open.

DATED June 9, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5